IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM G. BEDNAR and CYNTHIA L. BEDNAR,

                          Plaintiffs,                          OPINION & ORDER

          v.
                                                               14-cv-599-jdp

CO-OP CREDIT UNION OF MONTEVIDEO
and DOUGLAS D. KLUVER,

                          Defendants.

---

Plaintiffs William G. Bednar and Cynthia L. Bednar, husband and wife and then Minnesota residents, took four vehicle loans from defendant Co-Op Credit Union of Montevideo. Plaintiffs moved to Wisconsin, and then defaulted on the loans. Co-Op Credit Union engaged a Minnesota attorney, defendant Douglas D. Kluver, to collect the past-due amounts. Kluver sent emails to plaintiffs' Wisconsin attorney, in which he threatened criminal prosecution if the loans were not repaid or the collateral vehicles returned. Plaintiffs brought this lawsuit alleging that Co-Op Credit Union and defendant Douglas D. Kluver violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Wisconsin Consumer Act, Wis. Stat. §§ 421-27.

Defendants move to dismiss the case on the grounds that this court does not have personal jurisdiction over them. Dkt. 3. Defendants are both citizens of Minnesota, which is where the Bednars lived when they took out the loans. But the Bednars moved to Wisconsin, which is where they lived when Kluver attempted to collect the Co-Op Credit Union's debt by emailing plaintiffs' Wisconsin attorney. The Co-Op Credit Union's loans were not made to Wisconsin residents, but defendants' debt collection activities were purposefully directed at Wisconsin residents, which is why this court may exercise personal jurisdiction over defendants.

ALLEGATIONS OF FACT

The Bednars took out four loans with Co-Op Credit Union for various vehicles, including a 1999 Ford F-150 pickup truck. The Bednars subsequently defaulted on the loan for the pickup truck. Co-Op Credit Union engaged a lawyer, Kluver, whose solo practice is organized as Kluver Law Office and Mediation Center, P.L.L.C. Kluver emailed plaintiffs' Wisconsin-based lawyer in an attempt to collect the debt. Kluver's first email stated:

> My client is willing to accept $20,000.00 in cash in exchange for releasing its lien interest in the collateral. Otherwise, please surrender the Suburban and the motorhome. Also, please let me know within 10 days. If I have not heard back within 10 days, my client will undertake measures to recover the property.

Dkt. 1, ¶ 11. Eight days later, Kluver sent the Bednars' lawyer another email, stating:

> If they are unwilling to pay the $20,000.00, they must surrender the collateral. Failure to surrender the collateral is serious under Minnesota law:
>
> 609.62 DEFEATING SECURITY ON PERSONALTY.
>
> Subdivision 1. Definition. In this section "security interest" means an interest in property which secures payment or other performance of an obligation. Subd. 2. Acts constituting. Whoever, with intent to defraud, does any of the following may be sentenced to imprisonment for not more than three years (1) conceals, removes, or transfers any personal property in which the actor knows that another has a security interest; or (2) being an obligor and knowing the location of the property refuses to disclose the same to an obligee entitled to possession thereof.
>
> Absent the $20,000.00, I believe your clients are breaking the criminal law. My client will not hesitate to pursue its post-bankruptcy civil and criminal remedies relating to the collateral. This has gone on long enough. Please let me know what your clients intend to do, forthwith.

*Id.* ¶ 12 (emphasis omitted). Later that day, Kluver emailed the following:

2

> Wisconsin repossession law does not supersede Minnesota criminal law. Likewise, warrants issued in Minnesota are entitled to full faith and credit from Wisconsin. If you are advising your clients to withhold my client's collateral in violation of Minnesota law, that will be dealt with as well. The choice is yours and your clients on how we proceed from this point.

*Id.* ¶ 13. In reply, the Bednars' lawyer emailed Kluver, stating that "[t]he asset is in Wisconsin so you must follow this state's law if you want to repossess." *Id.* At around the same time, the Bednars filed for bankruptcy in Wisconsin. Kluver was admitted to the Western District of Wisconsin to represent Co-Opt Credit Union's interest in the Bednars' bankruptcy proceedings. *See In re* Estate of Bednar, No. 12-12994 (Bankr. W.D. Wis. filed May 19, 2012).

On September 2, 2014, the Bednars brought this action alleging that Co-Op Credit Union and Kluver violated the Fair Debt Collection Practices Act, and the Wisconsin Consumer Act. They seek damages, fees, and a release of the lien on their vehicle. Co-Op Credit Union and Kluver have moved to dismiss under Federal Rule of Civil Procedure 12(b)(2) and (3). The court has jurisdiction under 28 U.S.C. § 1331.

ANALYSIS

Defendants contend that this court lacks personal jurisdiction over them because they do not have sufficient minimum contacts with Wisconsin to establish personal jurisdiction. They also contend that, as a consequence, venue is not proper in this district. When jurisdiction is challenged on a motion to dismiss, the court accepts all well-pleaded factual allegations in the plaintiffs' complaint as true and resolves any factual disputes in their favor. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

**A.  Personal Jurisdiction**

In response to a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Bednars bear the burden of making a prime facie showing of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The Bednars must demonstrate that defendants fall within Wisconsin's long-arm statute, Wis. Stat. § 801.05, which confers "jurisdiction to the fullest extent allowed under the due process clause." *Felland*, 682 F.3d at 678 (citations omitted). If the Bednars make this showing, the burden shifts to defendants to show that exercising jurisdiction over them would offend due process. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998), *as amended* (Oct. 13, 1998).

Defendants make only a token effort to contest that they fall within the scope of Wisconsin's long-arm statute, addressing only Wis. Stat. § 801.05(5) pertaining to Wisconsin services, goods, or contracts. Plaintiffs do not address this issue at all. The parties' focus on the due process question is understandable because Wisconsin's long-arm statute is liberally construed in favor of jurisdiction. *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 10, 245 Wis. 2d 396, 629 N.W.2d 662. Based on the allegations in the complaint, defendants' collection activities would fall within the scope of at least Wis. Stat. § 801.05(3). Kluver, acting on behalf of Co-Op Credit Union, aimed his allegedly unlawful communications at Wisconsin by repeatedly calling, writing, and emailing plaintiffs' Wisconsin attorney. This constituted a local act that resulted in a local injury. *Felland*, 682 F.3d at 679 ("it is well established that injury through mail or electronic communications satisfies section 801.05(3)") (citing *Stein v. Ill. State Assistance Comm'n*, 194 Wis. 2d 775, 535 N.W.2d 101, 105 (App. 1995)). Thus, defendants' actions place them within the reach of the long arm statute.

Turning now to the due process analysis, plaintiffs do not contend that defendants have continuous and systematic contact with Wisconsin so as to subject them to general jurisdiction. So the court will consider only specific jurisdiction, which requires that: (1) defendants purposefully availed themselves of the privilege of conducting business in the forum state or purposefully directed their activities at the state; (2) the alleged injury arose from defendants' forum-related activities; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Felland*, 682 F.3d at 673 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); and *Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). Each of these elements is satisfied here because defendants' actions were purposefully directed at Wisconsin. *Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010) (relying on *Calder v. Jones*, 465 U.S. 783 (1984), to  analyze whether intentional action was expressly aimed at the forum state "with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state.").

First, acting as Co-Op Credit Union's agent, Kluver admits that he reached out to the Bednars through their lawyer in Wisconsin via two letters, two telephone calls, and twelve emails. Dkt. 3, at 3. It is uncontested that the communication was intentional. And Kluver knew that the Bednars were in Wisconsin, so he expressly aimed his communication at Wisconsin, knowing that they would feel its effects there. *See Felland*, 682 F.3d at 674-75.

Second, the unlawful debt collection claims in this case arose out of at least some of those communications, most notably the emails described above. *See Burger King*, 471 U.S. at 472-73.

And third, exercising personal jurisdiction over defendants would not offend traditional notions of fair play and substantial justice because doing so would not impose a significant burden on defendants, who have already appeared in the bankruptcy court here. Moreover,

5

Wisconsin has a strong interest in providing a forum for its citizens to seek redress under both federal law and Wisconsin law for injuries caused here by out-of-state actors. *See Felland*, 682 F.3d at 677. By repeatedly reaching out to the Bednars in Wisconsin, defendants could reasonably have anticipated being haled into court in Wisconsin to defend the lawfulness of their debt-collection communications. Thus, the Bednars have successfully established that this court has personal jurisdiction over Co-Op Credit Union and Kluver.

Kluver argues that he was not acting in his individual capacity, but rather as the sole practicing lawyer of non-party Kluver Law Office and Mediation Center, P.L.L.C. He argues that his actions as a lawyer employed by a limited liability entity cannot support personal jurisdiction over him as an individual. Even though Kluver organized his law practice as a limited liability company, he is still liable for his own actions. *Baltimore Cnty. v. AT&T Corp.*, 735 F. Supp. 2d 1063, 1095 (S.D. Ind. 2010) ("an LLC member, like any corporate officer or agent, is liable for the LLC's torts he personally commits, inspires, or participates in.") (quotations and citations omitted). Minnesota law governing LLCs is not inconsistent with this universal principle. Minn. Stat. § 322B.303 ("a member . . . of a limited liability company is not, *merely on account of this status*, personally liable for the acts, debts, liabilities, or obligations *of the limited liability company*.") (emphasis added). Here, Kluver is being sued for the tortious actions that he himself committed, not for the acts of his LLC. Further, "an individual (or agent) is not shielded from the court's exercise of personal jurisdiction simply because his or her actions were taken on behalf of or at the direction of a principal." *Int'l Med. Grp. Inc. v. Am. Arbitration Ass'n, No. IP00-1020-C-B/S*, 2001 WL 984808, at *6 (S.D. Ind. July 26, 2001) (analyzing specific jurisdiction by aggregating an agent and its principal's actions), *aff'd sub nom. Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n, Inc.*, 312 F.3d 833 (7th Cir. 2002).

**B.  Venue**

Co-Op Credit Union and Kluver argue that venue is improper because this court does not have personal jurisdiction over them. Dkt. 3, at 5-6. But the court has found that it *does* have personal jurisdiction over defendants. And venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Because the allegedly unlawful communications were received here, and because all of the collateral for the debt is here, venue in this district is proper. Thus, defendants' motion to dismiss will be denied in its entirety.

ORDER

IT IS ORDERED that defendants Co-Op Credit Union of Montevideo and Douglas D. Kluver's motion to dismiss, Dkt. 3, is DENIED.

Entered April 30, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge